IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


BILLY MCCARVER                                                                                    PLAINTIFF


v.                                            CIVIL NO. 20-cv-2212


KILOLO KIJAKAZI,[1] Acting Commissioner                                       DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Billy McCarver, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.     Procedural Background

Plaintiff protectively filed his application for DIB on June 13, 2018, alleging disability beginning on December 12, 2015, due to PTSD, depression, squamous cell carcinoma of the larynx, a history of three heart attacks, diabetes, and anxiety. (Tr. 15, 192). An administrative hearing was held on December 4, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 15, 34–63). A vocational expert (VE) also testified at the hearing.

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

On April 7, 2020, the ALJ issued an unfavorable decision. (Tr. 12–28). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: diabetes, hypertension, obesity, a major depressive disorder, and post-traumatic stress disorder (PTSD). (Tr. 17–18). Plaintiff's throat cancer was found to be nonsevere. *Id*. After reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18–20). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR § 404.1567(b) except that he could only perform work limited to simple, routine, and repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors, and the general public. (Tr. 20–27).

With the help of a vocational expert, the ALJ found Plaintiff was unable to perform any of his past relevant work. (Tr. 90–91). However, the ALJ found that Plaintiff could perform the requirements of the representative occupations of general production assembler, merchandise marker, or checker I. (Tr. 28). The ALJ found Plaintiff was not disabled from December 12, 2015, through December 31, 2018, the date last insured. (Tr. 28). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 21, 22).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff asserted the following points on appeal: 1) Whether the ALJ erred in failing to consider the entire record, specifically records subpoenaed from Plaintiff's therapist; 2) Whether the RFC was inconsistent with the evidence, where Plaintiff would be incapable of the exertion required for light work, would require environmental restrictions, and greater mental limitations than those found; 3) Whether the ALJ erred in his analysis of Plaintiff's subjective complaints; and 4) Whether the ALJ met his burden of proof at step five. (ECF No. 21). Defendant argues that substantial evidence supports the ALJ's RFC assessment, and the ALJ properly evaluated Plaintiff's subjective complaints and the opinion evidence in making the RFC assessment. (ECF No. 22). Defendant further argues that the ALJ's step five finding was supported by substantial evidence in the form of VE testimony. *Id*.

The Court has reviewed the entire transcript and the parties' briefs, and agrees with Defendant's assertion that this case was decided based upon a well-developed record and was supported by substantial evidence. The ALJ considered and analyzed all of Plaintiff's impairments, and provided adequate reasoning for discounting the opinion offered by Plaintiff's therapist. Further, the ALJ had other opinion evidence which he properly relied on in evaluating

Plaintiff's mental RFC. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive, and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

    IT IS SO ORDERED this 1st day of March 2022.

          /s/ *Christy Comstock*
          HON. CHRISTY COMSTOCK
          UNITED STATES MAGISTRATE JUDGE